UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMUEL SEGAL, JUDITH JOHNSON, | ) |
| Plaintiffs, | ) |
| vs. | ) No. 1:17-cv-0494-TWP-MPB |
| EDWARD ROSE OF INDIANA LLC, | ) |
| Defendant. | ) |

**Entry and Order to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] **is granted**. The assessment of even a partial filing fee is not feasible at this time.

**II. Screening**

Plaintiffs Samuel Segal and Judith Johnson filed this civil action against Edward Rose of Indiana LLC for an alleged breach of contract claim. Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the

party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). The plaintiffs allege they notified the defendant of their intent to move out of their apartment and the defendant assessed a termination penalty against them. The plaintiffs appear to only be asserting a state law claim against the defendants for breach of contract. Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

Further, to be liable under 42 U.S.C. § 1983, the defendant must be acting under color of state law. *Case v. Milewski,* 327 F.3d 564, 566 (7th Cir. 2003). Here, the plaintiffs do not allege, nor can it be plausibly inferred from the complaint, that the defendant is a state actors. Accordingly, the plaintiffs cannot sue the defendant for constitutional violations under 42 U.S.C. § 1983.

For the reasons explained above, the complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction. The plaintiff **has through March 24, 2017**, to show cause why this action should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

Date: 2/23/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUDITH JOHNSON
1839 Portage Ct.
Apt. A
Indianapolis, IN 46227

SAMUEL SEGAL
1839 Portage Ct.
Apt. A
Indianapolis, IN 46227